UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KAMAL AHMED EL-BEY, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> MARK BRICKER; dba MAYOR OF BAY § <br> CITY, TX, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:18-CV-91 |

## ORDER OF DISMISSAL AND REMAND

Kamal and Takijah El-Bey ("the El-Beys") are proceeding *pro se* and *in forma pauperis* and are asserting that their rights to due process have been violated in the course of an ongoing parental-rights-termination proceeding that was brought in Texas state court by the Texas Department of Family and Protective Services ("the termination proceeding"). The El-Beys have also filed two "notices of removal" in an evident attempt to remove the termination proceeding to this Court.

Two things are clear at this point. First, the El-Beys' original proceeding in this Court must be dismissed. The termination proceeding has not concluded even at the trial court level, let alone the appellate one. In other words, right now a claim that Texas deprived the El-Beys of due process would be, if cognizable at all, purely hypothetical; and any due process claims predicated on Texas's handling of the termination proceeding must be dismissed for lack of subject matter jurisdiction, as those claims are not ripe. *Lopez v. City of Houston*, 617 F.3d 336, 341–42 (5th Cir. 2010) ("A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical.") (quotation marks

omitted). Second, to the extent that the El-Beys are trying to remove the termination proceeding to this Court, they have failed to show that this Court has subject matter jurisdiction over the dispute. The termination proceeding is a creation of the Texas Family Code, and the El-Beys cannot create federal jurisdiction by simply raising federal Constitutional questions as defenses. *Bernhard v. Whitney National Bank*, 523 F.3d 546, 550–51 (5th Cir. 2008).

To the extent that the El-Beys are attempting to file original civil rights claims with this Court, those claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and the Court's inherent power and obligation to consider the existence or absence of subject matter jurisdiction. *See Johnston v. United States*, 85 F.3d 217, 218 n. 2 (5th Cir. 1996) (holding that the Court may raise the matter of subject matter jurisdiction *sua sponte*). To the extent that the El-Beys are attempting to remove the termination proceeding to this Court, that proceeding is **REMANDED** to the 130th District Court of Matagorda County, Texas.[1] The El-Beys are **ORDERED** not to file any more pleadings in this matter, and this docket is **CLOSED**. A separate final judgment will be issued simultaneously with this order.

The El-Beys are admonished that further attempts to use this Court to stall the termination proceedings will be met with extreme skepticism and possibly monetary sanctions.

---

[1] The state-court cause numbers are 18-E-208 and 18-E-209.

The District Clerk is directed to mail a copy of this order via certified mail, return receipt requested, to the District Clerk of Matagorda County, Texas and the Clerk of the 130th District Court of Matagorda County, Texas.

SIGNED at Galveston, Texas, this 8th day of May, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge